UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAWRENCE RAY PITTMAN, SR. (#101703)

VERSUS                                          CIVIL ACTION

PATRICK WOODS, ET AL                            NUMBER 11-256-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 2, 2011.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAWRENCE RAY PITTMAN, SR. (#101703)

VERSUS                                         CIVIL ACTION

PATRICK WOODS, ET AL                           NUMBER 11-256-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 18. The motion is opposed.[1]

**Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden Burl Cain, Warden Richard Peabody, Capt. Patrick Woods, classification officer Herbert Duncan, Maj. Kender Verner, and Sgt. Sharon Green. Plaintiff alleged that he was issued a false disciplinary report and was denied due process at the disciplinary board hearing and on appeal of the disciplinary charges, all in violation of his constitutional rights.

Plaintiff alleged that on October 20, 2010, he was placed in administrative lockdown and the following day was issued a

---

[1] Record document number 21.

disciplinary report prepared by Capt. Woods accusing him of possession of contraband. Plaintiff alleged that the report was based on information provided by two confidential informants who stated that on October 20 they observed the plaintiff using a cell phone and then placed it in a wall receptacle. Plaintiff alleged that correctional officers found a cell phone in a wall receptacle near his bed. Plaintiff alleged that he was allowed to face his accuser but was not allowed to call Sgt. Green or other alibi witnesses. Plaintiff alleged that he was found guilty of the disciplinary charge and was sentenced to Camp J Extended Lockdown. Plaintiff alleged that Warden Peabody denied his administrative appeal.

Defendants moved to dismiss the complaint pursuant to Rules 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted.

**Applicable Law and Analysis**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a

2

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**No Physical Injury**

Subsection (e) of 42 U.S.C. § 1997e provides as follows:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or

3

other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions.

**Respondeat Superior**

Plaintiff named Secretary LeBlanc and Warden Cain as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary LeBlanc and Warden Cain are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

**False Disciplinary Report**

Plaintiff argued that Capt. Woods issued him a false disciplinary report.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate

4

hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). The procedures include the use of information provided by confidential informants. These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

**Denial of Due Process**

Plaintiff alleged that he was denied due process at the disciplinary board hearing and on appeal.

In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995), the Supreme Court held that the Due Process Clause itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). The Court further held that only those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will invoke the prospect of state-created liberty interests. While *Sandin* made it clear that punishments which impact upon the duration of confinement,[2] or which exceed the sentence in an

---

[2] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974); *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415 (1987).

5

unexpected manner,[3] may give rise to protection by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection.  Thus, the plaintiff's sentence of a custody change to Camp J Management Program did not infringe upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted.

It is clear from a review of the plaintiff's complaint and his opposition memorandum that there are no additional facts he could allege, consistent with those in the complaint, which would state a plausible claim upon which relief could be granted.

Therefore, it is the further recommendation of the magistrate judge that this action be dismissed without affording the plaintiff an opportunity to amend his complaint.

Baton Rouge, Louisiana, November 2, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] *See, e.g., Vitek v. Jones*, 445 U.S. 480, 493,  100 S.Ct. 1254, 1263-64 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (1990) (involuntary administration of psychotropic drugs).